ALBANY,
February, 1809.

Woolley
v.
Constant.

------ ⊕ ------

WOOLLEY and others, Trustees of EVANS, *against*
CONSTANT.

A bill of sale of
a ship, contain-
ing blanks for
the recital of the
register, was ex-
ecuted and de-
livered, and af-
terwards the
blanks were filled

THIS was an action of *trover,* for a brig called the
*America.* The cause was tried at the sittings in *New-
York,* the 19th of *April* last, before the *Chief-Justice.* The
vessel had been attached on the 1st *March,* 1805, by the

up by the consent of the vendor and vendee. It was held, that the bill of
sale was good, and that a deed, after it has been executed, may be altered in a material part,
with the consent of the parties, without affecting its validity.

*See* 5 *Ins R.* 538

defendant, then sheriff of the city and county of *New-York*, by virtue of a warrant of attachment issued by one of the judges of this court, against the estate of *Evans*, an absent debtor, pursuant to the act giving relief against absconding and absent debtors. The plaintiffs were appointed trustees for all the creditors.

The plaintiffs proved, by the custom-house books, that the vessel was registered in the name of *Evans*, on the 16th *May*, 1804, and that no alteration had been made in the register at the time of the attachment, nor until the 1st *March*, 1807. They also proved a demand of the brig prior to the commencement of the suit, and a refusal by the defendant to deliver, and the value of the vessel at the time.

The defendant's counsel then moved for a nonsuit,

1. Because, there was no evidence of an actual conversion, and that the demand and refusal were no evidence of a conversion, unless the defendant was in possession of the thing at the time.

2. Because the action of trover would not lie; but the plaintiff should have brought an action on the case against the defendant for misbehaviour in his office of sheriff.

These objections were overruled by the judge; and the defendant then produced a bill of sale of the vessel, dated at *Portsmouth*, in *New-Hampshire*, the 24th *July*, 1804, from *Evans* to *Peter Coffin*, *John Haven*, and *Edward I. Long*, for the consideration of 4,000 dollars, which recited the register, and the execution was duly proved and certified by a notary public. It appeared, that the bill of sale had been delivered to the vendees therein named, to indemnify them for certain notes, amounting to 2,224 dollars and 44 cents, lent to *Evans*, and which were paid by them, when they became due. When the bill of sale was executed, the vessel was absent on a foreign voyage, and did not come into any port of the *United States*, until she arrived in *New-York*. A few days before the attachment was levied by the defendant, and as soon as the vendees heard of her arrival in *New-York*, they directed their agent to take posses-

sion of her, as their property. Soon after the attachment was levied, they put in a claim of property, which was tried before a jury summoned for that purpose, by the defendant; but after hearing the proofs and allegations of the parties, the jury separated, without coming to a decision. The defendant, on receiving a bond of indemnity from the claimants, delivered the vessel up to them, and she soon after sailed for *Portsmouth*, her register still remaining unaltered. It appeared, that all that part of the bill of sale to *Coffin*, *Haven*, and *Long*, which contains a recital of the certificate of registry, was in blank, at the time it was produced to the sheriff's jury; that the same bill of sale was produced at the trial of the cause, and the blank was then filled up, by inserting the certificate of registry.

The judge charged the jury, that the grantee or vendee of a deed or written instrument could not, after its execution, alter it, even in an immaterial part, without destroying its validity; but that an alteration in an immaterial part, with the consent of the grantor or vendor, would not vitiate the instrument; that it was not requisite, for the purpose of transferring the property in a vessel, that the certificate of registry should be recited in the bill of sale; that in this action, which was merely to try the right of property, the insertion or omission of the recital was immaterial; and he left it to the jury to decide, whether the alteration of the bill of sale, by inserting the recital, was made by the vendees, with or without the consent of the vendor; and if made without his consent, that they should find a verdict for the plaintiffs; but if it was made with the consent of the vendor, that then they should find a verdict for the defendant. The jury found a verdict for the defendant.

A motion was made to set aside the verdict.

*Brinkerhoff*, for the plaintiff. Any alteration of a written instrument, after it has been executed, even in an immaterial part, renders the instrument void.* And it was decided, in *Facman's case*,† that a bond, altered by consent of both parties, was void. But admitting that an alteration

* *Pigot's* case, 11 *Co.* 27. 4 *Term Rep.* 329. *Shep. Touch.* 69, 70, 71.
† 2 *Roll. Abr.* 29. (U.) pl. 5.

might be made by consent of both parties, still it cannot be done, if the rights of third persons will be prejudiced by such alteration; and here the rights of the plaintiff, under the attachment, are affected, for the alteration was made, after the writ of attachment was served.

ALBANY,
February, 1809.

Woolley
v.
Constant.

By the act of congress, (*Laws of the U. S.* vol. II. p. 131. § 14.) whenever a vessel is sold, she must be registered anew, and if the register is not recited in the bill of sale, the vessel loses her *American* character, and is obliged to pay duties as a foreign vessel. The insertion of the registry, therefore, was a material alteration, and for the benefit of the defendant.

*Wells*, contra. The bill of sale, without a recital of the registry, was sufficient to transfer the property in the vessel. If the justice of the case, is, therefore, with the plaintiff, the court will not lightly disturb the verdict,* nor will they send back the cause on a mere technical objection, or nice point of law.†

\* 2 *Term Rep.* 4.

† 2 *Salk.* 646.
4 *Term Rep.*
468.

It is true, that a grantee can make no alteration whatever in a deed. The rule is founded on a wise caution, and in good policy; but the reason of it does not apply, where both parties consent to make the alteration, and especially in an immaterial part. If the property passes by a bill of sale, that does not recite the register, then the filling up the blanks, or inserting the register, was not material. For, as this is a mere question of property, the effect of the omission or insertion of the register, on the character of the vessel, cannot alter the case. An alteration by the obligor in a deed in a material part, does not avoid it.‡ In the case of *Markham* v. *Gomaston*,§ where blanks were left in a bond, which were filled up by the consent of the parties, the deed was held to be good; and in *Zouch* v. *Claye*,¶ the whole court held, that an alteration by consent of parties did not make a deed void; and the decision in *Markham* v. *Gomaston*, as reported by *Moore*, was recognised as correct, though a contrary decision appears in *Cro. Elizabeth.* The

‡ *Comyn, Fait,*
F. 1.
§ *Moore*, 547.
But see *Cro.
Eliz.* 626. contra.
¶ 2 *Lev.* 35. 1
*Vent.* 185. 2 *Ch.
Rep.* 410. *Paget* v. *Paget.*

* 4 Term Rep.
323. 1 Anst. 228.
S. C.

case in 2 *Roll. Abr.* 29. pl. 5. is said by Lord *Kenyon*,* to have been overruled since, and is certainly inconsistent with the decisions in *Moore* and *Levinz.*

*D. B. Ogden*, in reply, observed, that, as the insertion of the register affected the character of the vessel, it was material; and if material for any purpose, it must be considered as material to every purpose. The position of Baron *Comyn* is not warranted by *Pigot's* case, to which he refers as an authority, but the very contrary is stated by *Coke.* In none of the cases cited does it appear, that the alterations were made after the deed had been delivered; and if after execution, and before the delivery, then the alterations were made before the deed took effect. In *Zouch* v. *Claye*, after A. and B. had executed a bond, the name of D. a third obligor, was inserted by consent, who also executed the obligation; and the question was, whether this alteration made the bond void against A. and B. In the present case, a blank deed was executed and delivered, and afterwards filled up by the grantor's consent; a much stronger case than any which have been cited.

THOMPSON, J. delivered the opinion of the court. The first objection raised on the part of the plaintiff, against the validity of the transfer of property in the brig *America*, by *Evans*, the absent debtor, to *Coffin* and others, is, that the bill of sale was originally void, because the grand bill of sale was not delivered as a substitute for the possession of the brig. This objection was, however, abandoned during the argument, on the ground that (if amounting to any thing) it ought to have been raised at the trial. The real and only point, then, before us, is, whether the filling up of the blank left in the bill of sale, for the certificate of registry, rendered the bill of sale void. The jury have found that the blank was filled up with the consent of *Evans*, the vendor. The testimony upon which that finding was grounded, is not stated in the case; we are, therefore, to take it for granted, that that fact is not controverted, and

are, of course, relieved from any inquiry how far such an act could have been permitted without the consent of the vendor. Neither is it requisite to examine whether the filling up of this blank made a *material* alteration in the deed, because, I think it can be maintained that a deed may be altered in a *material* part with the consent of both parties. It is difficult to perceive any objection to this, since the temptations to abuse and fraud, which would be felt, if such alterations were allowed by one party only, do not exist.

In 2 *Roll. Abr.* 29. (U.) pl. 5. it is, however, stated, that if a material alteration be made in a deed by the obligor, with the consent of the obligee, it is still void ; and for this, *Facman's* case in the C. P. is cited. But when this case was cited in *Master* v. *Miller*, (4 *Term Rep.* 323.) Lord *Kenyon* said that there had been contrary decisions since ; and in *Markham* v. *Gomaston*, as reported in *Moore*, 547. a subsequent and contrary decision is stated to have been made in the K. B. A bond was given containing a recital of a former bond or recognisance, against which the one then in question was taken by way of indemnity. The former bond was recited with a blank for the christian name and addition of the obligee, and this blank was afterwards filled up. In a suit upon the bond of indemnity, this matter was specially pleaded, and the plaintiff replied, that the blank was filled up with the assent of the obligor, and upon demurrer, judgment was given for the plaintiff. That is a case very analogous, and, indeed, in point; for it will be admitted that the blanks in that case were material.

In the case of *Zouch* v. *Claye*, (2 *Lev.* 35.) this decision in *Moore* is cited by Sir *M. Hale* and the whole court, as correctly reported : and the court there established the doctrine, that an alteration in a bond, in a material part, by consent of all parties, did not vitiate the instrument. I am aware that the brief, and sometimes contradictory manner of stating the case and decision, in the old reports, renders their authority less conclusive than it would otherwise

be ; and this remark applies to the case of *Markham* v. *Gomaston*, as being reported with considerable variation in *Moore* and *Croke*. (*Cro. Eliz.* 626.)   But Lord Chief Baron *Comyn* understood the decision in *Levinz*, as being a direct and full authority on the point before us, and so he gives it in his *Digest.* (Vol. 4. p. 169.)   A decision took place before Lord *Mansfield*, in *Texira* v. *Evans*, which is also in favour of the validity of such an alteration.   The case is stated by *Wilson*, J. in the Exchequer Chamber, in 1 *Anst.* 228.   A bond was executed with blanks for the name and sum and delivered by the obligor to an agent for the purpose of raising money ; the plaintiff lent a sum, and the agent accordingly filled up the blanks with that sum and the plaintiff's name, and delivered the bond to him, and on *non est factum* pleaded, the bond was held good.

As between the parties themselves, I cannot discover any well founded objection to this rule.   If the interests of third persons had in the mean time attached, perhaps a deed so altered ought not to have relation back to the time of its execution.   But that was not the case here.   The bill of sale was perfectly competent, with the blank in it, to pass the property of *Evans*, and all that has been contended on the part of the plaintiffs is, that the insertion of the certificate of registry gave the vendees some additional privileges in the enjoyment of the vessel.   But the property still had vested in them, even without the enjoyment of those privileges.   *Evans* had no interest left in the vessel which could be attached.

The opinion of the court, therefore, is, that the motion for a new trial must be denied.

Rule refused.