PENNY, *ex dem.* PENNY, *against* CORWITHE.

EJECTMENT, tried at the *Suffolk* circuit, in *May* last, before Mr. Justice *Yates*.

The only question, at the trial, was respecting a boundary line. For the purpose of introducing an award of arbitrators, on the subject in controversy, the plaintiff offered an agreement of submission to two arbitrators, under the hands and seals of the parties, dated the 9th of *April*, 1817, to which there were two subscribing witnesses. This instrument was executed by *Theophilus Smith*, but it appeared, that his name had been struck out, by drawing a black line through it. On the back of this agreement, was endorsed an instrument or bond, dated the 16th of *April*, 1817, under the hands and seals of all the parties, except *Theophilus Smith*, executed, also, in the presence of two witnesses, whose names were subscribed, by which the parties bound themselves, under a penalty, to perform the said agreement of submission.

*John Leake*, who was a subscribing witness to both instruments, testified, that when he signed his name as a witness to the agreement, the name of *Theophilus Smith* had not been struck out; and the Judge refused to permit the paper

Though a subscribing witness to a deed, or sealed instrument, if within the jurisdiction of the Court, must be called to prove its execution and delivery; yet the fact of a *rasure* of a deed, may be proved by any other person; and though made after the execution of the deed, if it was done with the consent of the parties, it does not invalidate the instrument.

to be read in evidence, unless the plaintiff showed, that the rasure had been made by consent of the parties to the submission. The counsel for the plaintiff insisted, that the fact that the bond endorsed on the agreement, was executed by all the parties, except *Smith,* was sufficient ground to infer, that his name had been struck out by consent; but the Judge decided against such an inference, and the plaintiff excepted to his opinion. The subscribing witness was then asked as to the fact of the erasure of the name of *Smith,* and he answered, that he had no recollection whatever of the circumstance, or why, or where, or by whom it was done. And the subscribing witness to the bond, also, on being examined, gave the same answer. The plaintiff then called one of the arbitrators, but he was objected to, and his testimony overruled by the Judge, on the ground, that he was not a subscribing witness to either of the instruments. *T. Smith,* who, on being examined on his *voir dire,* said, that he had no interest whatever in the suit, was asked by the plaintiff's counsel, whether his name was struck out of the agreement of submission by the consent of parties; but the question was objected to, and the Judge allowed the objection, and his opinion was excepted to.

A great number of witnesses were examined as to the true head of the creek. *N. Floyd,* a witness for the defendant, testified, that some years ago, *James Post* was the owner of the premises, now owned by the lessor, and *David Hallock,* owner of the premises, now owned by the defendant; that they, *Post* and *Hallock,* agreed to submit it to the witness, and *William Hawkins,* as arbitrators, to determine the true position of the head of the creek, a point in controversy between the parties; and the arbitrators, after examining the premises, fixed a stake at a point which they considered the head of the creek, in which the parties acquiesced. It appeared, that if this should be taken as the true location of the premises in dispute, the lessor of the plaintiff had no title thereto. The Judge being of opinion, that the award of the last mentioned arbitrators was conclusive, the counsel for the plaintiff contended, that the second submission, whether valid or not, was a waiver of the first, and that the cause ought to go to the jury, on the testimony as

to the true head of the creek. But the Judge overruled this objection, on the ground, that the second submission was ineffectual and void; and, thereupon, the plaintiff submitted to a nonsuit, subject to the opinion of the Court, on the question, whether the nonsuit ought not to be set aside, and a new trial granted, on the several grounds stated in the case.

*D. Robert*, for the plaintiff.

*S. B. Strong*, for the defendant.

*Per Curiam.* To prove the execution of a sealed instrument, the subscribing witness, if within the jurisdiction of the Court, must be called. It is the peculiar office of such a witness to speak to the acts of signing, sealing, and delivery. But the question of rasure stands on a different footing. It is a fact, as to which the subscribing witnesses are not, particularly, and exclusively, called upon to attend. In the present case, it appeared, from the evidence of the subscribing witness, that *Smith's* name must have been struck out after the execution of the instrument, and after the attestation of the witness. This fact was offered to be proved, and, also, that it was done with the consent, and in the presence of all the parties. This distinguishes this case from one where an erasure exists in a deed, and it is uncertain whether it was made before, or after the execution of the instrument. In such case, the rule is laid down by *Phillips* (p. 351.) to be, that it may be proved either by the subscribing witness, or by any other person who saw the rasure made; and, on the same principle, by any other person who can testify that he saw the rasure before the deed was executed. The evidence ought to have been admitted to show, that although *Smith's* name was struck out after the execution of the deed, it was done by the consent of all parties; for it is competent to the parties interested, to consent to an alteration in a deed, after it is executed, and then the deed takes effect, as a new execution of it.

The instrument of the 16th of *April*, executed by the parties, and to which *Smith* was not a party, is a solemn

recognition, that the agreement to submit was between those four, to the exclusion of *Smith*; and we cannot perceive why that instrument, in itself, is not binding on the parties; but, most certainly, the evidence that *Smith's* name was struck out, with the consent of all the parties, ought to have been admitted. Had the second submission been ineffectual, as the judge considered it on the trial, his conclusion would have been right, that the former submission had settled the disputed line. If, however, it was effectual, it was a solemn waiver of the first submission, and the parties, would be concluded by the line established by the last arbitrators. There must be a new trial; the costs to abide the event of the suit.

New trial granted.