Curia.

We think the. bond was regularly executed upon competent authority. This is much like' the case, before Ld. Mansfield, of Texira v. Evans, cited by Wilson, J., in 1 Anstr. 228. There the defendant - wishing to borrow money, executed a bond with blanks for the obligee and sum, giving his agent power to insert the name of the lender and sum lent, both of which were then uncertain. This was done, and the bond held good on non est factum pleaded. That case is recognized as law, in Woolley v. Constant, (4 John. Eep. 60,) by Thompson, J., delivering the opinion of the court. [1]
Motion denied.(a)

 Vid. Ex parte Decker, (6 Cowen, 69.)

 A 7 ritten instrument was declared to be a good bond, with collateral *118 con^’on) though obligor’s name was not signed opposite the seal, but between the penal part and the condition; and the name of the obligee was signed at the foot of the condition with the seal annexed, both signatures.being attested by the same witness. Argenbright v. Campbell, 3 Hen. & Munf. 144.
The court decided that a paper with blanks for a penal bond, the condition only filled up with the sum, but not the name of the obligee, dated and signed by the defendant, should be perfected and set up as a good bond. Gray v. Rumph, 2 Hill, 8.
A bond signed in blank, may be afterwards filled up in a material part, by the express authority ef those who are to be bound by it, and will be as valid as if filled up before it was executed; such authority may be by parol. An authority to fill up and perfect the bond, is an authority to redeliver it also. Gibbs & Labuzan v. Frost & Dickinson, 4 Ala. Rep. 720.
An authority to perfect a bond by filling it up, given by parol, may be revoked in the same manner, and if revoked, before the bond is perfected, the authority to perfect it is at an end. Ib.
A forthcoming bond signed in blank, and afterwards filled up with a condition to deliver property which had no existence, is wholly without consideration as to the sureties, and creates no obligation on their part, legal' or moral, to pay it. Long v. United States Bank, Freeman’s Ch. Rep. 315.
A forthcoming bond, signed, sealed and delivered to the sheriff in blank, to be subsequently filled up by him, is void. Dickson v. Hamer, Freeman’s Ch. Rep. 284.
An addition to a bond, made by the consent of both parties to the bond, does not avoid it. Berry v. Berry's heirs, 6 J. J. Marsh. Rep. 487. Amer. Ch. Dig., p. 346, No. 69, et seq.