NEW YORK,
May, 1835.

Knapp
v.
Maltby.

</div>

---

<div style="text-align:center;">

KNAPP *vs.* MALTBY.

</div>

An *alteration* of a *sealed instrument*, given to secure the payment of a sum of money, does not *avoid* it, although the person making the alteration acts only under *parol* authority.

Where, by the terms of a contract, a sum certain is fixed upon as *liquidated damages* for the non-performance of covenants, in case of breach of the covenants, the party failing is liable to pay the specified sum.

THIS was an action of *covenant*, tried at the Oswego circuit in July, 1831, before the Hon. NATHAN WILLIAMS, then one of the circuit judges.

The suit was brought on a sealed agreement, made by the defendant 18th November, 1830, whereby he covenanted to *assign* to the plaintiff a lease, which he held of certain premises, for the term of two years from the first day of January,

1831, and to deliver possession thereof, provided that the plaintiff gave such security for the payment of the rent of the premises (viz. $250 per year) as J. W. Helme should say was sufficient for that purpose; the agreement concluding in these words: " And I further covenant, that in case of non-performance of any or either of the above covenants, that I will forfeit the sum of five hundred dollars as the *liquidated damages* to the said Knapp." On the 24th December, 1830, the plaintiff executed a covenant to Knapp, to pay him the rent according to the terms of Knapp's covenant, and the payment of the rent was guarantied by one Hutchins, by a guaranty endorsed on the plaintiff's covenant; the covenant and guaranty were duly signed and sealed, and exhibited to J. W. Helme in presence of the defendant, who declared the security to be sufficient for the purpose. The plaintiff, by an attorney specially authorized for that purpose by a power under seal, on the first day of January, 1831, delivered the covenant and guaranty to the defendant, and demanded an assignment of the lease and possession of the demised premises, with which demand the defendant did not comply. It appeared, by the testimony of the attorney who transacted the business for the plaintiff, that after the execution of the covenant by the plaintiff and of the guaranty by Hutchins, he made an alteration of the covenant, by the interlineation of the word *may*, or *can*, or *assigns*—he did not recollect which; but he deemed the alteration not important. The object of the alteration was to render the instrument more acceptable to the defendant, and was made on the suggestion of Mr. *Helme*. The witness stated that when the papers were delivered to him, he was authorized by both the plaintiff and Hutchins to make such alterations in them as might be thought necessary by Mr. Helme; such authority, however, was by *parol*. The witness stated that he could not precisely say what the alteration was, and that the defendant had repeatedly refused to show the paper to him. The jury, under the instruction of the judge, found a verdict for the plaintiff for *five hundred dollars* damages subject to the opinion of this court, upon the question whether the *alteration* did or did not render the covenant void,

*J. A. Spencer,* for the plaintiff, moved for judgment upon the verdict.

*C. P. Kirkland,* for the defendant. The alteration by the attorney avoided the security, at least as it regarded the *surety ;* and if he was not bound, the defendant was not bound to accept the covenant of the plaintiff. The only authority derived from the surety was by *parol,* and a *parol* authority to make an alteration in a sealed instrument is not sufficient. 5 *Barn. & Cres.* 355. 1 *Wendell,* 431. 9 *id.* 54. *Comyn's Dig., tit. Attorney,* C. 5. 5 *Binney,* 615. It matters not that the alteration was immaterial. 8 *Cowen,* 71. If the authority was sufficient, the defendant was not bound to take upon himself the hazard of being able to furnish the necessary proof; he was entitled to a perfect security in writing. For the same reason, the power of attorney to make the alteration should have been delivered to the defendant. The plaintiff ought to have tendered a deed of assignment to be executed. 7 *Cowen* 53. The $500 ought to have been considered *as a penalty,* notwithstanding the terms of the contract, and the judge therefore erred in instructing the jury to find a verdict for the whole sum; he ought to have instructed them to find only for the damage really incurred. 5 *Cowen,* 150, *and note.* 7 *Cowen,* 337. 3 *Johns. Cas.* 297.

*J. A. Spencer,* in reply.

*By the Court,* SUTHERLAND, J. From the testimony of the witness to the bond, and who made the alleged alteration in it, the inference is very strong that the words inserted and interlined by him did not change the legal effect or character of the instrument. He thinks the words were *may,* or *can,* or *assign.* The instrument is in the hands of the defendant, who refused to exhibit it to the witness ; and as he did not produce it on the trial, the presumption against the materiality of the alteration is very much strengthened. But admitting it to have been material, the witness by whom it was made had competent authority for that purpose. The plaintiff was to give security for the payment of the rent, to be ap-

proved of by one *Helme*. He, together with a surety, executed a bond for that purpose, and delivered it to *Robinson*, as their agent, with *verbal* directions and authority to submit it to Mr. *Helme* ; and if *he* thought any alterations or additions necessary, to make them. Upon his suggestion, the words mentioned were added before the instrument was delivered. It falls within the principle of the *cases*, in which it has been held that a bond, executed in *blank* as to a *material* part, with *parol* authority to fill up the blank and deliver it, is good. In *Texira* v. *Evans*, 1 *Anst.* 228, cited by Wilson, J., a bond executed in blank, as to *obligee* and *amount*, was delivered to an agent to raise money upon, with parol authority to fill up the blanks with the name of the lender and the sum, and was held good. So in *Ex parte Decker*, 6 *Cowen*, 60 and *Ex parte Kerwin, Cowen*, 118, appeal bonds executed in blank, with parol authority to an agent to fill them up and deliver the bonds, were held valid. *Vide Woolley* v. *Constant* 4 *Johns. R.* 58, where several of the old cases upon the subject are referred to by Judge Thompson. These cases do not conflict with those in which it has been held that the authority to execute *a deed* must be *under seal*. *Comyn's Dig*., tit. *Attorney, C.* 5, 1 *Wendell*, 481. 11 *Com. Law R*, 251. *Hanford* v. *M'Nair*, 8 *Wendell*, 54. The instrument in this case, and in those referred to, was signed and sealed by the *party*— not by the *agent*. The authority was not to execute a deed, but to make certain alterations or additions to it. The instrument was valid. The jury have found that the plaintiff fully performed every thing to be done on his part, and the defendant failed to assign the lease and to deliver possession of the premises, according to his covenant ; and the evidence upon both these points fully sustains the verdict. Robinson, under a sealed power of attorney, demanded the assignment and possession, which the defendant refused to give. It is immaterial whether it was for want of ability or inclination to do it.

It is a clear case of liquidated damages, if it is in the power of parties to liquidate them. 5 *Cowen*, 144. 7 *id.* 307.

<div align="right">Judgment for plaintiff.</div>