# HUBBARD *a.* THE NEW YORK AND HARLEM RAILROAD COMPANY.

*Supreme Court, First District; General Term, April,* 1862.

Assignment by Delivery.—Blanks in Written Instrument.— Complaint on Railroad Bond.—Authorized Banking.

Where, in an instrument for the payment of money, the name of the payee is left blank, with the intention that such instrument may be transferred by delivery, since any lawful holder may fill the blank with his own name as payee, he may plead it in an action thereon as having been delivered to some persons unknown, for a consideration from them received, and as having thereafter come lawfully into plaintiff's possession, and that he is owner thereof.

Form of a complaint, in such case, held sufficient on demurrer.

The act to restrain unauthorized banking is inapplicable to obligations not payable on demand.

Appeal from a judgment upon a demurrer as frivolous.

This action was brought by John M. Hubbard, against the New York and Harlem Railroad Company, upon two bonds made by the defendant for $1,000 each. The first cause of action set forth in the complaint was as follows;

"For a first cause of action, that on the first day of September, 1849, at the city of New York, the defendants, a corporation incorporated by the laws of this State, in pursuance of a resolution of their board of directors, passed on the 8th day of August, 1849, made and delivered their note or obligation, partly printed and partly in writing, which they signed by their

president and treasurer, and affixed the seal of the company thereto, and of which note or obligation the following is a copy."

The body of the instrument was as follows:

"This certifies, that the New York and Harlem Railroad Company has received the sum of one thousand dollars from and in consideration thereof, doth hereby promise and agree to pay to or assigns, the sum of one thousand dollars, on the first day of August, one thousand eight hundred and fifty-nine (1859), and also interest for the same at the rate of seven per centum per annum, on the first day of every February and August, ensuing the date hereof, until said principal sum shall be paid, upon presentation of the annexed interest-warrants, as they severally become payable, at the office of the company, in the city of New York."

"That said note or obligation was so made, and upon receipt of the sum therein mentioned, or other valuable consideration therefor, from some person unknown to the plaintiff, the defendant delivered the same to such person for the purpose and with the intent that the same should be assignable and transferable by delivery from hand to hand without other writing; that before the maturity of said note or obligation, it came lawfully into the possession of the plaintiff for value received, so that he became the owner and holder thereof, and entitled to the money therein promised to be paid; that there is now due to this plaintiff thereon from the defendant, the sum of one thousand dollars, with interest thereon from the 1st day of August, 1859." The second cause of action was upon another similar bond, and was set forth in the same form.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Mr. Justice Mullin ordered judgment for the plaintiff on the demurrer as frivolous. From that judgment the defendants appealed.

*Charles W. Sandford,* for the appellants.

*Nathaniel A. Cowdrey,* for the respondent.—The complaint shows a good cause of action—a copy of the obligation on which the suit is brought is given; this under the laws of this State is

sufficient. The action is brought in the name of the party in interest. The question whether the bond is negotiable or not, is not material; it is properly transferred or assigned to the plaintiff. But it is now too late to deny the negotiability of railroad bonds. The courts of nearly every State have held them to be negotiable. (8 *Paige*, 526; Illinois *a.* Delafield, 2 *Hill*, 159, 177; 13 *N. Y.*, 599, 625; 19 *Ib.*, 20, 23, 24; 1 *Stockt.*, 700; 27 *Penn.*, 418; Society for Savings *a.* New London, 28 *Conn.*; Aspinwall *a.* Knox County, 21 *How. Pr.*, 539; Craig *a.* Vicksburg, 31 *Miss.*, 216; *Redfield on Railways*, § 239.) The fact that the name of the payee is omitted is immaterial. The promise to pay is for the benefit of the holder. One for whose benefit a promise is made, may sustain an action to enforce the promise. Bank-bills and promissory notes are often made payable to a fictitious payee—this does not prevent a holder from recovering damages for a breach of the promise. It is competent for the plaintiff to insert his own name in the obligation as payee at any time, and the judgment will stand good.

By the Court.*—Leonard, J.—The action is upon two of the Dover Extension bonds of the railroad company, dated in 1849, payable August 1, 1859, for $1,000 each. These bonds acknowledge the receipt of $1,000 from ———, and in consideration thereof the railroad company promise and agree to pay to ———, or assigns, the sum of, &c. The name of the person from whom the money was received and of the payee are left in blank. The complaint avers that the corporation received the money from some person unknown to the plaintiff, and delivered the bond to such person for the purpose and with the intent that the same should be assignable and transferable by delivery from hand to hand without other writing; that before its maturity it came lawfully into the possession of the plaintiff for value, and that he is the owner and holder.

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

On motion at special term, judgment was rendered for the plaintiff, on account of the frivolousness of the demurrer, and the defendants have appealed from the judgment.

* Present, Ingraham, P. J., Leonard and Clerke, JJ.

The defendants insist that the alleged intent is inconsistent with the instrument itself, and cannot be the subject of proof.

There are numerous authorities holding that the bond of a corporation, payable to an individual or bearer, is a negotiable instrument. The word *bearer* in such a case includes the holder, whoever he may be. I am not aware, however, of any decision that an obligation, payable as these are to an individual or his assigns, has been holden to be negotiable by mere delivery.

The averments of the complaint, however, take the case out of any difficulty on that subject. These bonds were left in blank, as to the payee, intentionally, so that they might be transferred by delivery.

The intent was admitted by the demurrer.

The plaintiff or any other lawful holder, by delivery or transfer, may now fill his own name into the blank as the payee. (Mitchel *a*. Culver, 7 *Cow.*, 336; Boyd *a*. Brotherson, 10 *Wend.*, 93; *Exp.* Kerwin, 8 *Cow.*, 118; Clute *a*. Small, 17 *Wend.*, 238, 243.)

The intent alleged appears to be in harmony with the instrument. It in no manner contradicts its tenor or effect.

The defendants also insist that if the averment of intent be true, then the instrument is in violation of the act to restrain unauthorized banking, and therefore void.

This is an ungracious objection after the acknowledgment of the receipt of the money contained in the bonds.

It is, however, without any foundation. They are payable ten years after date, and cannot be circulated as money. Obligations which circulate as money are payable on demand.

The objections to the complaint are untenable. I have given more attention to the decision of this appeal than the questions involved warrant, because the counsel for the defence was absent when the cause was reached on the calendar, and it was submitted on his points without oral argument.

Judgment is affirmed, with costs.*

---

* This decision was followed in another similar case, against the same defendants, which came up at the same term.