IN THE MATTER OF THE PETITION OF WILLIAM W. WHITE AND OTHERS, APPELLANTS, *v.* THE NEW YORK STATE AGRICULTURAL SOCIETY AND OTHERS, RESPONDENTS.

*Right to vote by proxy for officers of the New York State Agricultural Society — the power of members cannot be limited by resolution — 1871, chap. 131, sec. 3 — presumption as to the authority of a proxy to fill in a blank left by the maker.*

Section 3 of chapter 131 of 1871, renewing the charter of the New York State Agricultural Society, provides "that only life members of said society, who shall have become such at least thirty days prior to the election, and no other persons, shall be entitled to vote for officers of said society, but such life members shall be entitled to vote at all elections for officers thereof by proxy."

At the annual meeting for the election of officers, held on January 19, 1887, and before the voting was commenced, the following resolution was passed: "That no proxy shall be voted on at any meeting of this society, unless showing, within itself, that it was specifically intended to be used at such meeting." Under this resolution votes offered by persons present holding proxies from life members were rejected, which would, if counted, have elected the ticket which was defeated.

*Held,* that, as the resolution sought to place a limit upon the power given by the member to his proxy, it was repugnant to the provisions of the charter, which provided that a life member should be entitled to vote at *all* elections for officers thereof by proxy, and was void.

Objections were taken by the respondents on the hearing to some of the proxies, upon the ground that the name of the proxy was left in blank by the maker of the power, and that the blank was filled in by the holder of the proxy immediately before the election.

*Held,* that while this fact, if proved, might make a case in which the maker of the power might challenge its completeness (*Chauncey* v. *Arnold,* 24 N. Y., 330; *Dutchess & Col. R. R. Co.* v. *Mabbett,* 58 id., 397; *Burns* v. *Lynd,* 6 Allen, 305), yet, in the absence of any challenge by the maker of the power, the presumption obtained that the name of the proxy was written in the blank by the authority of such maker. (*Matter of Cecil,* 36 How. Pr., 477; *Commercial Bank of Buffalo* v. *Kortright,* 22 Wend., 348)

The question as to whether votes offered by an agent of the proxy were admissible was not examined.

APPEAL from an order heretofore made at the Albany Special Term, denying an application made by the petitioners for a re-election of certain officers of the New York State Agricultural Society, under part 1, chapter 18, title 4, section 6 of the Revised Statues.

The New York State Agricultural Society held its annual meeting for the election of officers January 19, 1887. The charter of

the society provides that only life members, who have been such thirty days prior to election, are entitled to vote, and that such members are entitled to vote by proxy. Before balloting, the following resolution was offered and passed: " That no proxy shall be voted on at any meeling of the society, unless showing, within itself, that it was specifically intended to be used at such meeting." The petitioners offered to vote on 127 proxies of absent life members, which were refused and not counted by the direction of the presiding officers, as being excluded by the resolution above named. If the votes so offered by the petitioners had been received, the defeated candidates would have received a majority and would have been elected.

*De Witt & Spoor*, for the appellants.

*Nathaniel C. Moak.* for the respondents.

LANDON, J. :

By the renewal of the charter of the New York State Agricultural Society (Laws 1871, § 3, chap. 131), it is provided " that only life members of said society, who shall have become such at least thirty days prior to the election, and no other persons, shall be entitled to vote for officers of said society, but such life members shall be entitled to vote at *all* elections for officers thereof by proxy." Any such member could, therefore, appoint his proxy and give him unlimited power " to vote at all elections for officers thereof."

The resolution of the society sought to place a limit upon the power given by the member to his proxy. Such resolution being repugnant to the statute was void.. If the votes offered by the proxies had been received, the persons declared elected would have been defeated and the opposition ticket elected. Objection is now taken by the respondents to some of the powers of attorney. If we grant that the proof shows that the name of the proxy was left in blank by the maker of the power, and the blank was filled by the holder of the proxy immediately before the election, a case might be presented in which the maker of the power might challenge its completeness. (*Chauncey* v. *Arnold,* 24 N. Y., 330 ; *Dutchess, etc., R. R. Co.,* v. *Mabbett,* 58 id., 397 ; *Burns* v. *Lynde,* 6 Allen, 305.) In

the absence, however, of any challenge by the maker of the power, the presumption obtains that the name of the proxy was written in the blank by the authority of such maker. (*Matter of Cecil*, 36 How. Pr., 477; *Commercial Bank of Buffalo* v. *Kortright*, 22 Wend., 348.) We need not inquire whether the votes offered by an agent of the proxy were admissible, since whether received or rejected, the result would not be changed.

The order should be reversed, with ten dollars costs and disbursements, and the motion to set aside the election and to order a new election granted, with ten dollars costs.

The order to be settled.

LEARNED, P. P.; WILLIAMS, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion to set aside election and to order new election granted, with ten dollars costs; order to be settled by LANDON, J.