MONTANA FLOUR MILLS CO. *v*. LAWRENCE.

1. CONTRACTS—INSERTION OF WORDS BY MUTUAL CONSENT AMENDS
   CONTRACT—ALTERATION OF INSTRUMENTS.
   Where, after a contract was signed, both parties consented
   to the insertion of additional words, it was not necessary
   for them to re-sign in order to render the amended con-
   tract valid.

2. EVIDENCE — WRITTEN CONTRACTS—PAROL EVIDENCE—UNAMBIGU-
   OUS CONTRACT.
   Where, to settle a controversy over a contract for a
   quantity of flour, both parties signed a new contract agree-
   ing therein to cancel part of the undelivered balance on
   the former contract, parol proof was inadmissible to show
   that it was the intention of the parties to cancel all of
   the undelivered balance; the contract being unambiguous.

Error to Ingham; Collingwood (Charles B.), J.
Submitted June 19, 1923.    (Docket No. 60.)    De-
cided July 19, 1923.

Assumpsit by the Montana Flour Mills Company
against Charles H. Lawrence, doing business as G. E.
Lawrence & Son, for breach of a contract for sale of
certain flour.    Judgment for plaintiff on a directed
verdict.    Defendant brings error.    Affirmed.

*Thomas, Shields & Silsbee*, for appellant.

*A. M. Cummins* (*S. J. Humeston*, of counsel), for
appellee.

FELLOWS, J.    On April 5, 1920, defendant pur-
chased from plaintiff 10,000 barrels of Montana flour
(also called Judith flour) ; 4,805 barrels of flour were
shipped, leaving 5,195 barrels undelivered.    After
considerable of the flour was shipped a controversy
arose between the parties as to the quality of the flour

On general rule that parol evidence not admissible to vary,
add to, or alter a written contract, see note in 17 L. R. A. 270.

and on August 18, 1920, Mr. Brown, plaintiff's agent, came to Lansing where defendant resides and conducts his business and a settlement was effected between the parties and the following written contract was entered into:

"Chicago Office:
      "105 North Clark Street,            Date 8-18-20.
"Contract No...........
            "Montana Flour Mills Company
                  of Lewistown, Montana.
"Sell(s) and G. E. Lawrence & Son of Lansing, Mich., buy(s) the following commodities on the terms and conditions stated herein:
"Time of shipment: September      October.
"Destination:  Lansing.
"Routing: Grand Trunk or N. Y. C.
"Terms of Payment: a-draft.  Draft with Bill of Lading attached.
"Through Lansing State Savings.
"Prices in this contract are for delivery to carrier at shipping point, with freight allowed to Lansing on basis freight rate in effect on date of sale.

| "Quantity | Commodity | Packages (Wood, Cotton, etc.) | Brands | Price per unit |
|---|---|---|---|---|
| (Bbl., Ton or Cwt.) | (Flour, feed, etc.) | | | (Bbl., Ton or Cwt.) |
| | | Size  Kind | Judith | 12.70 |
| 2,200 Bbl. | Flour Bulk. | 140 lb. Jute | Flour | Bulk. |

"This order cancels 4,395 Bbls. on old contract.
"This contract is made subject to terms and conditions printed on back hereof, which terms and conditions are binding on both parties to the contract.
                  "Montana Flour Mills Company
                        By F. M. Brown, Seller
                  "G. E. Lawrence, Buyer
                        By CHL.
"This contract is
subject to confirmation
by the seller
      "Confirmed by
            "Montana Flour Mills Company
            By
      "Date Aug. 18-20."

It seems to be the claim of the defendant that the words "This order cancels 4,395 Bbls. on old contract" were inserted in the writing after the parties had signed it but with the assent of both parties.     Thereafter 3,000 barrels of flour were shipped by plaintiff to defendant; 2,200 were accepted and paid for and 800 were rejected.     The rejected flour was sold by plaintiff at a loss which this action is brought to recover for.

Upon the trial it was sought to show by parol proof that it was agreed between the parties at the time the settlement was made that all the old contract upon which there was still undelivered 5,195 barrels was canceled.     This proof was rejected by the trial judge upon the grounds that it tended to change and vary the terms of a written contract.     This ruling presents the principal question in the case as with such evidence excluded it became the duty of the trial judge to direct a verdict for the plaintiff.     The insertion of the words noted after the signing of the contract with the assent of both parties made these words a part of the written contract and it did not require another signing to accomplish such purpose.

In *Vidvard* v. *Cushman,* 35 Hun (N. Y.), 18, it was said:

"It is urged that the new lease is not binding, because it was not re-signed by the lessors and re-delivered.     The added stipulation was written in the lease by one of the lessors in the presence, and with the assent of the lessee.     The signatures of the contracting parties were then upon the lease.     This was a good execution of the new or modified lease.     (*Bluck* v. *Gompertz,* 7 Exchq. 862; *Woolley* v. *Constant,* 4 Johns. 54; *Knapp* v. *Maltby,* 13 Wend. 587; *French* v. *Patton,* 9 East, 351; Leake's Law of Contracts, pp. 814, 815.)     The transaction between the parties, as found by the court, amounts to a re-execution and re-delivery of the lease in its modified form, and it became as binding in that form as though it had been re-drafted

and re-signed. Re-writing or re-signing, or both, would have added nothing to its validity."

There is no ambiguity in the contract and no fraud is charged. It is said that there was a mistake, but the mistake claimed is that it was agreed orally to cancel the entire old contract while the written contract cancels all but 800 barrels of the old contract. It must be borne in mind that this is an action at law, not a suit in equity to reform a contract on the ground of mutual mistake. It is also urged that the expression is but the statement of a fact and not a part of the agreement and for this reason parol proof is admissible. We can not agree with this contention. It is agreed on all hands that the parties met to settle the differences growing out of the old contract; it is agreed on all hands that this contract was executed to finally settle such differences; therefore the disposition of the old contract—how much should be canceled and how much retained, whether all or part of it—was of the very essence of the contract. Counsel for defendant have made a most ingenious argument, but the cold fact remains that this was an offer of parol proof to change and vary the unambiguous terms of a written contract. The trial judge correctly excluded the proof. The law on this subject is too well settled to need citation of authorities.

Complaint is also made because the trial judge would not permit defendant to show that certain shipments were applied on the new contract. We do not perceive that this fact was of any importance in the case. It would in no way affect our conclusion on the main question which is controlling. Besides that, the price in both contracts was the same and both contracts were counted on.

The judgment will be affirmed.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.