By the Court.

The cause of action, or the complaint of the *424 plaintiff, as stated in the declaration in this case, is not a default or neglect, for which the defendant is liable.
It is not the duty of a sheriff, and indeed it would be contrary to his duty, to deliver up goods h olden by attachment, to the creditor therein, even after his demand is ascertained and sanctioned by a judgment. Goods attached are in the legal custody of the officer, and he is accountable for them, no less to the supposed debtor than to the creditor in the writ of attachment; and the general property in the goods is not changed, until a levy and sale by execution. (1)
There is therefore no gravamen alleged in the case at bar; the averment being a refusal to deliver to the plaintiff, upon his demand of them, the goods attached in his suit, even supposing Balch to have been chargeable with it while he was a deputy of the defendant Nor was that demand enforced at all by his showing an execution upon his judgment recovered against Greenleaf, whose goods had been attached. His property in the goods continued, subject to the lien created by the attachment, until a sale by further proceedings in due course of law.
And as to the liability of the defendant, we may go further in this case, and suppose the allegation intended, or which might be made, to amount to a charge of a refusal to do execution upon the goods which Balch, while the deputy of Shaw, had returned as attached at the suit of the plaintiff. This refusal to | * 507 ] serve an execution delivered * or offered, after the removal of the defendant from his office, when he himself had no longer any authority to levy and sell the goods, and the relation of sheriff and deputy between the defendant and Balch had entirely ceased, was not a breach of duty for which the defendant could in any manner be charged.
If, respecting the goods returned on the writ of attachment at the suit of the plaintiff, Balch was guilty of a false return, or if, after the attachment made, and while the defendant was in office, having Balch for his deputy, there was any negligence or misfeasance tc the injury of the plaintiff, or producing the loss of his attachment, for an injury of that description the defendant is liable; but the circumstances essential to his liability are to be averred and proved

Plaintiff nonsuit.

 Cro. Eliz. 504, Thomson vs. Clerk__1 L. Raym. 351, Smallcomb vs. Cross & Al.