## JOHN H. PILLSBURY *versus* OTIS SMALL.

In a suit against the sheriff for neglecting to satisfy an execution upon goods which had been attached and receipted for on the original writ, a judgment debtor, who is likewise a receiptor, is a competent witness for the sheriff.

There is no constructive possession of goods attached, in the officer, after he has left them in the possession of the debtor.

The sheriff is not liable for goods attached by a deputy of his predecessor, which were receipted for; though the same individual was a deputy of his when the execution in the suit upon which the attachment was made, was placed in his hands.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

This was an action of the case against the defendant, late sheriff of the County of Penobscot, for the default of Abijah Jones, lately a deputy under the defendant, in neglecting to satisfy an execution upon goods attached by said Jones on a writ in favor of the plaintiff against Robert R. Haskins and Romulus Haskins.

The plaintiff offered in evidence a copy of the original writ, and of the officer's return, by which it appeared that he had attached goods and merchandize of the defendants to the value of two thousand dollars. It was admitted, that the action, *Pillsbury* v. *Haskins & al.* had been duly entered and prosecuted to final judgment; that execution was duly issued thereon, and seasonably delivered to said Jones, with directions to satisfy the same out of the property attached; and that said Jones neglected to satisfy said execution as directed. It was further admitted, that said Jones, at the time of the attachment on the original writ against said Haskins, was a deputy sheriff under Daniel Wilkins, late sheriff of said county; that during the pendency of that suit, his term of office expired, and that at the time of rendition of judgment, and of the delivery of the execution against said Haskins, the defendant was sheriff of said county, and that said Jones was a deputy under him.

The defendants introduced Robert R. Haskins, to whose testimony the plaintiff objected, on the ground of interest, and proved that he, with Robert Haskins and Buchan Haskins, had

signed a receipt to said Jones, for the goods attached in the suit in favor of the plaintiff against said R. Haskins & al. The objection was overruled, and the witness testified, that in April, 1835, he and Romulus Haskins, then copartners under the name of R. & R. Haskins, entered into copartnership with Jotham Parsons, under the firm of R. & R. Haskins & Co.; that the goods in the store at the time of the receipt, were the property of the new firm; that at this time the new firm was insolvent, and the goods receipted for went to pay their company debts, and that they were all sold as early as January, 1837. On being cross-examined, he testified that no goods were attached by Jones, nor were any removed by him. There was other testimony to the same points introduced.

The counsel for the plaintiff requested the Court to instruct the jury, 1. That Jones had the legal custody of the goods, notwithstanding the same had been receipted for.

2. That the custody and legal possession of the goods were in Jones at the time of the delivery of the execution, *Pillsbury* v. *R. Haskins & al.* and that as a deputy of the defendant he ought to have satisfied the execution with the proceeds of the same.

3. That Jones, not having specified what goods were attached, it was not competent for the defendant to show that goods not specified were the property of strangers.

4. That the legal custody of the goods being in Jones, the default occurred when he refused to satisfy the execution with the goods attached.

The counsel for the defendant introduced several authorities, and was permitted to argue the law to the jury, although the plaintiff objected thereto.

In committing the cause to the jury, the presiding Judge stated to the jury that it was contended in defence, that if the articles attached were liable for the debts of the judgment debtors, the evidence shew them to have been wasted, and the wrong done or permitted by Jones while he was the deputy of the former sheriff, and that the defendant was not liable in this action. On this point, the Judge directed the jury, that there

was but one office of sheriff, though filled at times by different individuals; that each individual was answerable for the negligence and misdoings of his own deputies, done or permitted while he was in office and that relation existed. That property attached, though left with the debtor or a stranger, must be considered in the legal possession of the attaching officer, and liable to be seized on execution and applied in satisfying the judgment, if to be found or in existence. That in presumption of law, they must be considered in his custody for that purpose, unless the presumption is contradicted by evidence showing the property to have been previously wasted, and not to be found, when sought to satisfy the execution; and if so wasted, the sheriff, who held the office at the time, would be liable for the wrong, and not his successor. He also stated, that this was not very important in this case, inasmuch as Jones would be liable in either event; and it is presumed the several sheriffs had taken sufficient bonds to indemnify themselves against their respective liabilities on his account.

It was contended secondly, that the goods and merchandize when attached, were not the goods of the judgment debtors, but belonged to a firm of which they were members; that the firm was insolvent when the property was attached, and was afterwards applied in payment of the company debts.

On this point, the Judge left the evidence to the jury, and instructed them, if they found the articles attached not to have been the property of the judgment debtors, and that it did belong to the company, and that the company was insolvent at the time; Jones would be justified in law for not levying the execution on them.

The jury returned a verdict in favor of the defendant.

*Gilman,* for the plaintiff. The action was rightly brought against Small. *Blake* v. *Shaw,* 7 Mass. R. 505. Haskins should not have been admitted as a witness, as he was directly interested in the event of the suit, having receipted for the goods returned as attached by Jones, and being now released from all liability for the goods attached. If permtied to testify, it was proved that Jones did not attach any goods in the store,

and therefore the goods returned by Jones were other and different goods from those claimed by the new firm of R. & R. Haskins & Co.   That Jones did not attach any goods will not be presumed, as he has returned goods as attached, and a different conclusion would imply a fraud on the plaintiff, which will not be supposed.   So far as the defence rests on the ground that the goods attached were wasted prior to the appointment of the defendant, it entirely fails if his witnesses are to be believed, as their testimony relates only to the goods in the store, and has no reference to any returned by Jones.

The Judge should not have permitted the defendant's counsel to argue the law to the jury, nor should he have submitted to the jury the question, whether articles attached were or were not the property of the new firm, but he should have instructed them that there was no evidence that any of those goods had been attached.

*A. G. Jewett,* for the defendant.   The execution debtors were properly admitted to testify.   *Pratt v. Thomas,* 16 Pick. 325;  *Lathrop v. Mussey,* 5 Greenl. 450.   Whether the plaintiff recovers of Jones and they pay him, or whether they pay the plaintiff and discharge Jones, was immaterial to them. *Bucknam v. Goddard,* 21 Pick. 70.

Whether the attachment made by Jones was actual or nominal, the defendant in neither event is liable.   If there was an actual attachment, Jones, when he made the attachment, was not the officer of Small, nor had he any possession of the goods as his servant.   If the receipt was nominal, the plaintiff is not entitled to recover when there was no attachment of goods which could be kept, and when the defendant had no official existence till long after the attachment.

The opinion of the Court was delivered by

SHEPLEY J. — The debtors were liable to pay the judgment which the plaintiff had recovered against them, and also liable for the same amount to the officer on the receipt.   The payment of one would operate as a discharge of the other.   The verdict in this case cannot be evidence in a suit against them,

and their liability will remain the same, whatever may be the result of this suit. If the plaintiff should recover, it will not be increased for they are not responsible to the defendant for the costs; and if he should fail, it will not be diminished; they are still liable to pay the judgment. They were therefore competent witnesses.

The goods attached by the officer were left in the possession of the debtors, who with another person receipted for them and promised to deliver them on demand.

If the officer could be regarded as constructively in possession of them so long as they remained in possession of the debtors, he would cease to have any such possession, when the goods were sold by them; and according to the testimony they were all sold as early as January, 1837; and the defendant was not appointed sheriff until March following. And he could not, nor could the deputy while acting under a commission from him, have any actual or constructive possession. But it has been decided, that there is no constructive possession in the officer, after he has left them in the possession of the debtor. *Knap* v. *Sprague*, 9 Mass. R. 258. And so far as it respects the rights of the creditor, the officer must be regarded as releasing them at the time of the attachment, and assuming the responsibility himself by taking the receipt instead of the goods. If it should be regarded as a nominal, and not an actual attachment of property, the plaintiff would be in no better condition to maintain his action against the defendant. There could be no pretence in such case, that the deputy had any actual or constructive possession of goods attached since he held a commission under him. Any injury, which the plaintiff may suffer, arose out of his conduct before that time; and he does not appear to have been guilty of any default since the defendant was sheriff.

In the case of *Blake* v. *Shaw*, 7 Mass. R. 505, it does not appear, that the goods were not in the possession of the deputy until after the sheriff, under whom he made the attachment, ceased to be in office, and a successor was appointed. And if the goods attached had been faithfully kept during all the time

of the former sheriff there could be no misconduct of the deputy, while he was responsible for his official acts. It is not necessary to consider the other points in the case.

*Exceptions overruled.*