WM. H. LACKLAND, ADM'R OF ALBERT S. REGOR, Respondent, *v.* JOSHUA W. OWINGS, Appellant.

*Damages—Trespass—Officer.*—Where the owner of property levied upon by the sheriff presents his claim under the act of 1855, p. 464, relating to the duties of sheriff, &c., in St. Louis county, if the plaintiff in the execution decline giving the bond to the sheriff and relinquishes the benefits of the levy,—in an action of trespass he will not be liable in damages for the value of the property taken. The owner, having claimed under the statute, cannot, when the plaintiff in the execution admits his claim, refuse to receive back the property.

## *Appeal from St. Louis Circuit Court.*

*Van Waggoner & Hamilton,* for appellant.

The principal question is as to the measure of compensation under such circumstances. In the instructions given by the respondent the court ruled that notwithstanding the goods were tendered back to him, still he was entitled to receive their full value with interest. This, we think, was erroneous.

It is not necessary to question the general principle which controlled the action of the court below, that a party whose property has been illegally taken under an execution against another person, may refuse to receive it when tendered, and insist on his right to recover its value, as well as damages for the taking. The statute, however, introduces an addi-

tional element into the case, growing out of the claim made. It assumes that there has been a seizure of the property, and expressly authorizes the sheriff, when the execution creditor yields to the claimant by declining to give the bond necessary to secure the enforcement of the writ, to refuse to complete the execution by selling and appropriating the proceeds to the debt. The Legislature had two objects in view, the principal of which was protection to the officer, and the other was to enable any person whose property had been wrongfully levied upon, to be restored to the possession, in specie, in a summary manner, without trial of his right as under the general law, or to procure indemnity if, after claim duly m ade, the officer should, nevertheless, proceed to execute the writ. No special direction to the officer was necessary, requiring him to relinquish the levy and surrender the property. That results from the very nature and object of the proceeding. The statute supposes that as the claimant has claimed the property, he will not refuse to receive it when offered to be restored to him. After the offer to return, the custody of the law is virtually at an end. By his own act, the claimant places the property beyond the reach of the creditor. The execution, as to the property levied upon, is not merely superseded, but is, to all practical purposes, countermanded by the statute, through the agency of the claimant himself, who sets the officer in motion for that purpose. The party injured is not bound to resort to the statutory remedy; but if he does so, he ought to be concluded by the necessary consequences, and is not entitled to damages arising from his own perverseness or obstinacy. The just and reasonable course in such a case is to deduct from the damages sustained the value of the property as it was when tendered, less the cost and expense of returning it.

*Lackland, Cline & Jamison,* for respondent.

In our opinion the only legal question raised by the instructions, worthy the attention of this court, is, can the

owner of goods that are siezed and carried away by a tres-
passer, refuse to receive them back again, when tendered by
the wrongdoer, and maintain his suit for the value ? Or, in
other words, can he waive the goods, and sue for and re-
cover a money satisfaction ?

The instructions raise this proposition, and, if it can be
done, then there is no error in them. The local statute
applicable to St. Louis county, passed for the benefit of sher-
iffs and marshals, does not, in anywise, change or modify
the liability of the party who directs the sheriff or marshal
to levy upon the property of a third party, and hence the
parties stand upon their common law rights, and the defend-
ant became liable as a trespasser to the plaintiff, occasioned
by the seizure of his goods, and it was not in his power to
divest himself of any part of that liability, by tendering back
the goods which he had caused to be unlawfully taken from
the plaintiff.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit in the nature of an action of trespass *de
bonis asportatis*. Owings, the appellant, having an execution
against one Keyes, caused the sheriff of St. Louis county to
levy and sieze thereon a lot of chairs, as the property of
Keyes, found in his custody, but which were in fact the
property of Regor, the respondent. Regor made his claim
in writing, under the provisions of the act of the General
Assembly prescribing the duties of sheriff and marshal in St.
Louis county touching the levy and sale of property claimed
by third persons. (Sess. Acts, 1855, p. 464.) The sheriff
thereupon demanded of Owings a bond as required by the
act, but Owings declining to give bond the sheriff offered to
return the property, but Regor refused to accept it and
brought this suit to recover damages, as well for the value
of it as for the alleged taking; and was permitted to recover
accordingly. The only question presented in this court is
whether, under the facts as stated, the value of the goods

was legally the measure of recovery or an element of the respondent's damages.

The local act provides: " § 1. When any sheriff, marshal, constable, or other duly authorized officer shall levy any execution or attachment on any personal property, and any person, other than the defendant in such execution or attachment, shall claim such property or any interest therein, such officer may demand of the plaintiff or his agent in such execution or attachment, a sufficient indemnification bond with at least two good and sufficient securities, to be approved by such officer, and may refuse to execute such execution or attachment until such indemnification bond be given." It is further provided: " § 3. No claim made to any personal property levied on as aforesaid, shall be valid or lawful as against such officer, unless such claimant or his agent shall set forth his claim in writing, verified by the affidavit of such claimant or his agent, describing the property claimed and stating his interest therein, and whether it is the whole or only part thereof, and stating also that he is, in good faith, the lawful owner of the interest claimed by him in said property; that the defendant in such execution or attachment has no right or title, directly or indirectly, in the interest in said property claimed by said claimant, and that said claim is not made in collusion with said defendant for the purpose of vexing, hindering, or delaying the plaintiff in obtaining his just rights." The remaining sections of the act relate to the form and conditions of the bond, the proceedings which the claimant may have thereon, and to the exemption of the officers from liability for the trespass, as a consequence of the giving bond.

There is no dispute that at common law, where a chattel is tortiously taken from the owner, he is not bound to receive it back against his consent, but at his option he may proceed against the tortfeasor, either for the specific property taken or for its value in damages.

The party injured can be deprived of his choice of remedies by no act of the trespasser; but may he not by his own

33—VOL. XXXV.

act deprive himself of that choice? is the question. An owner of property wrongfully siezed on execution or attachment is not obliged to claim under the statute. He may stand upon his common law rights and trust to his common law remedies, if he will; but if he appeal to the statute, claiming its benefits, he must submit to its burdens. The primary object of this local law doubtless was indemnity to the officer; but another purpose was to obtain for the owner of a chattel wrongfully siezed on legal process, a speedy return of his property, or, in default thereof, ample indemnity for its loss. This was to be accomplished through a claim in writing to the levying officer, duly verified by the claimant. When a claim is thus made, a creditor is justified in supposing it is made in good faith, and that the choice is tendered to him either to give the bond and avail himself of the property, or to decline giving it and suffer the property to be restored to the owner. If he accept the last alternative, the property, as a consequence, is put beyond his reach, and the officer is exonerated. Upon the theory of the court below, this is a sacrifice for which the law makes no compensation. We think otherwise. As the respondent, by preferring his claim under the statute, induced the appellant to forego the advantage his levy gave him, there is no hardship in holding him bound to accept what the appellant had thus, upon his demand, yielded. On the other hand, it would be grossly unjust to the appellant, after having thus acquiesced in the respondent's claim, and given over his advantages, still to be held responsible in the same degree as if he had adopted the opposite line of action.

We think the value of the property siezed in this case was not the measure of recovery, and that the court below erred in its instruction in this regard; and for this cause the judgment is reversed and the cause remanded, Judge Bay concurring.