THE STATE OF MISSOURI TO THE USE OF FRANKLIN H. GOD-
DARD, Respondent, *v.* HENRY DEAN and ELIZABETH MAT-
THEWS, Adm'x of THOMAS MATTHEWS, dec'd, Appellants.

*Bonds—Blanks—Alterations.*—The alterations which will avoid a bond must
be material ; the mere correction of the mistake in the filling up of a name
in the body of the bond is not a material alteration. A blank in a bond
given to a sheriff upon a claim for property levied upon under execution
may be filled up with a description of the property seized, the blank being
intended for that purpose, and the authority of the parties will be presumed.
Whether the alterations in a bond are material is a question of law for the
court; but whether the alterations were in fact made, or whether blanks
were filled, by authority, are questions of fact for a jury.

*Appeal from St. Louis Circuit Court.*

At plaintiff's request the court gave the following instruc-
tions, to the giving of which defendants excepted :

1. If the bond read in evidence was executed in blank, to
be filled up afterwards by the addition of a list of the goods
taken, or of any other part thereof, the addition of such mat-
ter after the signing will not affect the validity of the bond,
or discharge the obligors.

2. If said bond was executed and delivered to the sher-
iff, or his deputy, to indemnify Franklin H. Goddard, as
claimant, of the goods seized, and by mistake his name was
first written Francis Goddard, and afterwards changed to his
correct name, Franklin Goddard, such change will not vitiate
said bond, or discharge said obligors, though it were made
after the signing and delivery of said bond.

The court then gave the following instruction for defend-
ants :

1. If the court, sitting as a jury, believe from the evidence
that the bond sued on was executed and delivered to the
sheriff in blank as to the goods claimed, and that afterwards
the inventory of goods was attached without the consent or
knowledge of defendants, then the finding should be for
defendants.

Defendants then asked the court to give the following instructions, which the court refused to give, and defendants excepted:

2. If the court, sitting as a jury, believe from the evidence that the bond sued on was executed and delivered to the sheriff to protect the sheriff against the claim of Francis H. Goddard, and that afterwards the sheriff, without the knowledge or consent of defendant, changed the name of Francis to Franklin, then the finding should be in favor of defendants.

3. If the court, sitting as a jury, believe from the evidence that, after the execution and delivery of the bond sued on, the sheriff demanded a new bond in place of the one sued on, and such new bond was executed and delivered to him in lieu of the one sued on, the plaintiff cannot recover on the bond sued.

4. If the court, sitting as a jury, shall believe from the evidence that the bond sued on was executed and delivered to the sheriff before a claim was made by the claimant in writing verified by affidavit, the finding should be for the defendants.

5. If the court, sitting as a jury, shall believe from the allegation of the plaintiff in the pleadings, or the evidence, that Goddard, to whose use this suit is brought, sued and recovered against the sheriff of St. Louis county and others for the seizure and sale of the same goods sought to be recovered for in this suit, then the finding should be for the defendants.

6. The court, sitting as a jury, will exclude from consideration, under the pleadings in this case, all evidence in regard to the value of the goods sought to be recovered for.

7. If the court, sitting as a jury, believe from the evidence that the bond sued on, after execution and delivery to the sheriff for his protection, was by him or his deputy altered or changed by changing the name of the claimant from "Francis" to "Franklin," then said bond is not legal against defendants, and should be excluded.

State to use, &c. v. Dean et al.

*M. L. Gray*, for appellants.

Defendants' fifth instruction should have been given. If the bond was insufficient to protect the sheriff, and Goddard elected to repudiate the bond and to sue, and did sue and recover of the sheriff, that election of remedies bars him from suing on this bond. The remedies are not cumulative, but alternative and inconsistent. He could not hold the sheriff except by averring and proving the invalidity of the bond; and having averred and proved the invalidity of the bond, he could not then take the inconsistent position of asserting the validity of the bond.

By suing Clark, Cochran and Castello, sheriff Goddard repudiated the bond. This bars him of the right to afterwards sue on the bond. If he repudiates the bond in part, he repudiates it altogether—4 Mich. 508, 511; 5 Metc. 49; 1 Denio, 69; 2 Smith's Lea. Cas. 81, 87; Morris v. Roxford, 18 N. Y. 553; 33 Penn. 256; 36 N. H. 449; 14 Me. 364; 4 T. R. 211.

*G. P. Strong*, for appellant.

The alterations in the bond, if any were made, were both immaterial, and were made, if made at all, after the signing of the bond in furtherance of the intention of the parties who signed the bond as obligors and with their implied assent. Such alterations do not invalidate the bond—2 Pars. on Cont. (5 ed.) 719, n. *e* et seq.; Texira v. Evans, cited by J. Wilson in 1 Anst. 228; Stahl v. Berger, 10 Serg. & R. 170–2; Wiley v. Moore, 19 id. 438–40; Ogle v. Graham, 2 Penn. 132–4; Wooley v. Constant, 4 J. R. 54, 59, 60; Ex parte Kirwin, 8 Cow. 118; Henfro v. Bromlee, 6 East, 309; Boyd v. Brotherton, 10 Wend. 93; Nichols v. Johnson, 10 Conn. 192, 197; Smith v. Crocker, 5 Mass. 538; 1 Smith's Lea. Cas. 817, notes.

HOLMES, Judge, delivered the opinion of the court.

The suit is upon a bond taken by the sheriff upon a claim made under the statute for certain goods levied on under ex-

ecutions in his hands. The plaintiff recovered judgment, and the defendants bring the case up by appeal.

The grounds of error that are chiefly relied on arise upon the instructions and concern the execution of the bond. It is objected that after the bond was signed by the defendants, the deputy sheriff changed the name of the claimant mentioned therein by altering the christian name from *Francis* to *Franklin*, and filled up the blanks left for the description of the property levied on by annexing thereto the inventory of the goods (which was very long), when the same had been completed some days afterwards. The bond was duly approved by the sheriff and returned into court.

The evidence showed that the mistake in the name was merely a clérical error; that the real name of the party intended was Franklin; and that the inventory annexed was of the goods which had been levied on, and were claimed, and were the same that were intended and understood by the parties. There was nothing to show that the bond was filled up otherwise than in accordance with the real transaction and the intention of all the parties. There was no proof that any fraud was attempted or accomplished, nor that any injury was done to the defendants. The several acts done—the levy, the claim, the execution of the bond and its. approval and return—are to be taken as parts of one and the same transaction. On the facts shown, the officer must be deemed to have had authority from the defendants signing the bond to fill up these blanks in conformity with the true nature of the transaction and in pursuance of the real intention of the parties. There was no such material alteration here as will avoid the instrument. Whether the alteration were material or not is a question of law for the court; but the question whether any material alteration was in fact made, or whether there was authority to fill up the blanks and alter the name in the manner in which these things were done, is a matter for the jury to determine—2 Pars. on Cont. 719–22; Stahl v. Berger, 10 Serg. & R. 170;

Smith v. Crocker, 5 Mass. 538; Wooley v. Constant, 4 J. R. 54; Ex parte Kirwin, 8 Cow. 118.

The jury have found the facts for the plaintiff under instructions which laid down the law correctly enough, and their verdict must not be disturbed. The question of intention and authority was submitted to the jury; the actual knowledge or consent of the parties afterwards was immaterial. Nor was it a matter of any consequence that the bond bore date of one day and the claim in writing of the next day, when it appeared that it was all one transaction. There was no error in refusing the defendants' instructions on these points.

We think it very clear that the plaintiff was entitled, on the evidence, to recover the damages covered by the bond. His former recovery against the sheriff and his sureties, in a suit resting upon the ground that the bond taken was not large enough to cover the value of goods levied on and therefore did not protect the sheriff, but which had never been actually paid, was no bar to a suit upon this bond, nor to a recovery for the amount covered by it. In this respect the remedies were merely cumulative. Actions against a number of persons who are severally liable for the same thing, or against the same persons on distinct securities for the same debt or duty, are consistent and concurrent remedies—State to use McMurray v. Doan, 39 Mo. 44.

Judgment affirmed. The other judges concur.